1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KRISTIANE SMITH,                          No.  2:14-cv-1650 TLN CKD PS

12                     Plaintiff,

13         v.                                   FINDINGS AND RECOMMENDATIONS

14   NCO FINANCIAL SYSTEMS, INC.,

15                     Defendant.

16

17         Defendant's motion to dismiss came on regularly for hearing on May 6, 2015.  Plaintiff

18   Kristiane Smith, proceeding in propria persona, failed to appear.  Damian Richard appeared

19   telephonically for defendant.  Upon review of the documents in support and opposition, upon

20   hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT

21   FINDS AS FOLLOWS:

22         In this action, plaintiff alleges a claim under the Telephone Consumer Protection Act

23   ("TCPA"), asserting that defendant violated the Act by calling and leaving a message on her cell

24   phone using an auto-dialer without plaintiff's prior express consent.  Plaintiff also alleges claims

25   under the Fair Debt Collections Practices Act ("FDCPA") and the state law equivalent, the

26   Rosenthal Act, and the Fair Credit Reporting Act ("FCRA").  Defendant moves to dismiss for

27   failure to state a claim.

28   /////

                                                 1

1    In considering a motion to dismiss for failure to state a claim upon which relief can be

2    granted, the court must accept as true the allegations of the complaint in question, Erickson v.

3    Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the

4    plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

5    In order to avoid dismissal for failure to state a claim a complaint must contain more than

6    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

7    of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,

8    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

9    statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim

10   upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A

11   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

12   the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

13   at 678.

14   Defendant moves to dismiss the TCPA claim on three grounds:  (1) plaintiff's exhibit

15   attached to the complaint shows that the phone number called (916-929-4665) was different than

16   that alleged in the complaint (916-918-9481) and plaintiff does not allege that the former number

17   was cellular; (2) plaintiff fails to allege any facts supporting the conclusory allegation that the call

18   was placed using an automatic dialing system; and (3) plaintiff consented to receiving calls on her

19   cell phone by providing her cell phone to her medical provider.[1]  The second contention appears

20   to be dispositive.[2]

21   "The three elements of a TCPA claim are:  (1) the defendant called a cellular telephone

22   number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express

23

_____

24   [1]  The complaint does not allege the basis of the debt underlying defendant's collection attempt.
     Defendant has submitted as an exhibit to the motion to dismiss an unauthenticated copy of the
25   medical bill in the amount of $207.00 and what purport to be some notes from the medical
     provider showing plaintiff's cell phone number of "918-9481" as the "[b]est contact number."
26

27   [2]  In opposition, plaintiff asserts that the reason her phone bill shows that the call was placed to a
     different number is because the different number is simply used for recording voicemails but that
28   the call at issue was initially placed to her cell phone.

1   consent.  47 U.S.C. § 227(b)(1).  The term 'automatic telephone dialing system' means

2   'equipment that has the capacity—(A) to store or produce telephone numbers to be called, using a

3   random or sequential number generator; and (B) to dial such numbers.' 47 U.S.C. § 227(a)(1)."

4   Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).  In the

5   second amended complaint, plaintiff makes the conclusory allegation that the call at issue "was

6   placed using equipment that had the capacity to store or produce telephone numbers to be called,

7   using a random or sequential number generator and/or a predictive dialer; with the capacity to dial

8   such numbers.  Plaintiff alleges no facts supporting this allegation.  Moreover, the exhibits

9   attached to the complaint appear to contradict plaintiff's conclusory allegation.  The voicemail

10  message references a specific identification code that appears to be unique to the debt in dispute.

11  The specificity of the message left on plaintiff's answering machine contradicts any assertion

12  made by plaintiff that this is a case where a series of telephone calls were made to randomly

13  generated telephone numbers with an identical message left for each phone number dialed.  In the

14  absence of any facts supporting plaintiff's conclusory allegations, which are simply a "formulaic

15  recitation" of the elements of a claim for violation of the TCPA, the claim should be dismissed.

16  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Plaintiff proffers no facts which

17  would cure this deficiency.  The claim should therefore be dismissed without leave to amend.

18          Plaintiff's other claims are similarly deficient in setting forth conclusory allegations

19  without factual support.  Plaintiff premises her claims under the FDCPA on two asserted

20  violations.  First, plaintiff alleges that defendant violated 15 U.S.C. § 1692(e)(2), which provides

21  in pertinent part that a "debt collector may not use any false, deceptive, or misleading

22  representation or means in connection with the collection of any debt. . . [T]he following conduct

23  is a violation of this section:  . . . The false representation of . . . the character, amount, or legal

24  status of any debt."  The second amended complaint simply alleges that defendant misrepresented

25  the amount of the alleged debt demanded.  In opposition to the motion to dismiss, plaintiff argues

26  that she has no obligation to defendant because defendant is not in possession of any agreement

27  between plaintiff and defendant and therefore defendant misrepresented the amount of debt owed.

28  Although there may not be a direct contract between plaintiff and defendant, that does not

3

1   necessarily mean there is no debt owed and that defendant is wrongfully representing a debt owed

2   to plaintiff's medical provider.  Without factual support for the conclusory allegation of

3   "misrepresentation," this claim should be dismissed without leave to amend.

4         Plaintiff premises the second claim under the FDCPA on a purported violation of 15

5   U.S.C. § 1692g(b), which requires the debt collector to cease collection of a disputed debt until

6   the debt collector obtains verification of the debt.  Other than alleging that defendant failed to

7   cease collection efforts, the second amended complaint contains no factual allegations of when or

8   how further collection efforts were made.  Plaintiff's opposition proffers no factual evidence to

9   support this claim and it should be dismissed without leave to amend.  Plaintiff's claim under the

10  Rosenthal Act, Cal. Civ. Code § 1788 et seq., is derivative of plaintiff's claims under the FDCPA

11  and should accordingly be dismissed as well.  See Riggs v. Prober & Raphael, 681 F.3d 1097,

12  1100 (9th Cir. 2012) (whether conduct violates Rosenthal Act turns on whether it violates

13  FCDPA).

14        Plaintiff's claim under the FCRA alleges in conclusory fashion that defendant violated 15

15  U.S.C. § 1681b by obtaining plaintiff's credit report without a permissible purpose.  However, the

16  statute provides that requesting a credit report to aid in the collection of a debt is a permissible

17  purpose.  See 15 U.S.C. § 681b(a)(3)(A); see also Huertas v. Galaxy Asset Management, 641

18  F.3d 28, 34 (3rd Cir. 2011); Thomas v. U.S. Bank, N.A., 325 Fed. Appx. 592, 593 (9th Cir. 2009)

19  (plaintiff  presented no evidence that defendant requested credit report for any reason other than

20  to attempt to collect on the debt, which is permissible purpose under FCRA).  The second

21  amended complaint alleges defendant is a debt collector and the plain reading of the complaint is

22  that defendant obtained the credit report in order to collect on the debt at issue.  In opposition,

23  plaintiff contends that the credit report could not be obtained for a permissible purpose because

24  the alleged account was bought by defendant while in default.  However, the debt at issue resulted

25  from a transaction initiated by plaintiff, i.e. obtaining medical care from a provider for which

26  plaintiff was obligated to pay.  See generally Pintos v. Pacific Creditors Ass'n, 605 F.3d 665 (9th

27  Cir. 2010) (where claim against plaintiff did not result from transaction initiated by plaintiff,

28  defendant was not authorized under 15 U.S.C. § 681b(a)(3)(A) to obtain credit report).  Under

1  these circumstances, plaintiff cannot state a viable claim under the FCRA and the claim should be

2  dismissed with prejudice.  Because it appears amendment would be futile on all of plaintiff's

3  claims, leave to amend should not be granted.

4          Accordingly, IT IS HEREBY RECOMMENDED that:

5          1.  Defendant's motion to dismiss (ECF No. 21) be granted; and

6          2.  This action be closed.

7          These findings and recommendations are submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

9  after being served with these findings and recommendations, any party may file written

10 objections with the court and serve a copy on all parties.  Such a document should be captioned

11 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

12 within the specified time may waive the right to appeal the District Court's order.  Martinez v.

13 Ylst, 951 F.2d 1153 (9th Cir. 1991).

14 Dated:  May 7, 2015

15                                              _____
                                               CAROLYN K. DELANEY
16                                             UNITED STATES MAGISTRATE JUDGE

17 4 smith-nco.57

18

19

20

21

22

23

24

25

26

27

28